In the Matter of the Application of RICHARD J. BREEN and Others, Petitioners, for an Order under Article 78 of the Civil Practice Act, against WILLIAM J. PICARD and Others, Constituting the Board of Standards and Appeals, Defendants.

Supreme Court, Trial Term, Albany County, May 10, 1938.

*James C. Cleary,* for the petitioners.

*John J. Bennett, Jr., Attorney-General [Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the defendants.

BERGAN, J.   In a proceeding afforded by article 78 of the Civil Practice Act, the petitioners apply for an order reviewing a determination of the defendants constituting the State Board of Standards and Appeals which denied approval to a certificate of incorporation for the Hotel Roosevelt Employees Welfare Association.   A direction to the defendants approving the certificate is sought.

The statute (Gen. Corp. Law, § 9-a; Membership Corp. Law, § 11, subd. 1-a, both amd. by Laws of 1937, chap. 820) under which defendants acted prohibits the filing of any certificate of incorporation of the kinds there enumerated in any public office for the purpose of effecting the incorporation described in the certificate, unless upon approval of the Board of Standards and Appeals.   Among the objects specified by the petitioners in the proposed certificate was that the corporation was designed "generally, to promote the contentment, prosperity and well-being of the Hotel Roosevelt employees."   Whatever may be said of the other purposes specified

in the certificate, this specification of purpose brings the proposed corporation within the scope of the statute, which, so far as pertinent, provides that if the certificate of incorporation specifies " the organization of working men and women and wage earners for their mutual betterment, protection and advancement," it shall be filed only upon the approval of the defendants.

Nowhere in the statute is there any requirement that the State Board of Standards and Appeals conduct a hearing or take evidence and, accordingly, this proceeding does not fall within the scope of subdivisions 6 and 7 of section 1296 of the Civil Practice Act, requiring the transfer of the proceeding to the Appellate Division. Accordingly, the Special Term is required to determine the merits of the petition and the answer under the provisions of the first subdivision of that section.

A triable issue of fact having been raised by the pleadings, the parties have entered into a stipulation that the issues of fact may be determined by the court upon the exhibits attached to the stipulation and upon the testimony taken before the defendants and that " all questions as to materiality, relevancy, competency or probative force of the said testimony and exhibits shall be reserved for consideration and determination by this court in such manner and to such extent as it shall deem proper and expedient."

The petitioners do not challenge the constitutionality of the statute under which the defendants acted in denying approval of the certificate. They contend, on the other hand, that the proof now adduced before the court does not show that the proposed corporation violates any principle of public policy of the State but that the proof does establish that the purpose and objects of the corporation are consonant with such public policy as defined by the Legislature in chapter 443 of the Laws of 1937 (Labor Law, art. 20, §§ 700–716). That act (§ 704, subd. 3) describes an " unfair labor practice," among other things, as a participation or supervision in, control or domination by an employer of an organization of employees, or the initiation or creation by such employer of any such employees organization.

The resolution of the Board of Standards and Appeals disapproving the certificate of the petitioners was based on the ground that " the purposes of the proposed certificate are inconsistent with the provisions of the Labor Law and public policy." Accompanying this resolution was a memorandum of decision signed by the defendants, in which it is stated that the purposes of the proposed corporation " embrace all of the objects for which the ordinary labor union is designed." It is pointed out that the membership of the association is confined to employees of the Hotel Roosevelt and that

termination of the relationship of employer and employee between the Hotel Roosevelt and the members of the corporation concludes membership in the corporation.

It is conceded by the petitioners that membership in the corporation is limited to employees of the Hotel Roosevelt. While the certificate provides that membership shall cease when employment with the Hotel Roosevelt terminates, it is contended by the petitioners that under the by-laws of the association, which have been offered in evidence and which have been effective since the organization meeting, each member of the association who is discharged by the management of the hotel while in good standing in the association " shall remain a member of the association for such period as the board shall deem adequate to inquire into such discharge or lay-off and make appropriate representations to the management on his or her behalf."

An organization of employees limited in membership to those of a single employer is not in violation of the public policy of the State as expressed by the Legislature. If the act were to be so construed, grave doubt would be cast upon its constitutionality. The termination of membership in the association with the conclusion of employment with the present employer is likewise not in violation of the statutory public policy, even if the provisions of the by-laws be disregarded.

The memorandum of the defendants further stated that " all meetings of the association since its inception have been held on the premises of the Hotel Roosevelt." I find as a question of fact that the association pays for the space used by it for its office in the Hotel Roosevelt and that its adoption of such a place as its office in view of this arrangement does not constitute any evidence of either participation, control or domination by the employer in the association as constituting an unfair labor practice. The memorandum of the defendants also states that " the association has already engaged in adjusting conditions of employment with the employer." This is no ground for the denial of approval of the certificate upon the ground that it is in violation of the public policy of the State.

The defendants construe the " spirit " of the Labor Relations Act as requiring that meetings of employee organizations should not be held on the premises of the employer and " that the independence of the employees' organization is best maintained by the conduct of its meetings elsewhere than upon the premises of the employer." The construction of the spirit of the statute beyond its plain terms is not within the power delegated by the Legislature to the State Board of Standards and Appeals or to any administra-

tive board of this character. The Board is required to examine the certificate and to determine from its face, and perhaps also from the results of its own inquiry, whether the purposes conform with express statutory policy.

The denial of such approval upon the basis of an interpretation of public policy beyond the express language of the Legislature is in excess of the delegation of power to the defendants.

A further ground upon which the denial of approval seems to be based, as indicated in the memorandum, is that an assistant to the manager of the hotel stated to the vice-president of the association that he was in favor of the association and the testimony of the vice-president " indicates that the organization or association met with the approval of the management of the hotel." Assuming that the employer approved of the association and of its incorporation, there is nothing in the statute which places the condemnation of the public policy of the State on the certificate upon the basis of such an incident. It does not constitute supervision, control or domination, nor does it constitute any of those numerous items, all involving overt acts by an employer, enumerated in section 704 of the Labor Law, and defined as " unfair labor " practices. If the reasoning of the defendants to be carried to its logical conclusion, it would mean that only such labor organizations as are disapproved by employers would be valid in this State. No such antagonism between employer and employee could have reasonably been within the contemplation of the Legislature and certainly such a provocative public policy has not been expressed by it in the words of the statute or by any reasonable implication.

The " rivalry now existing between the present unincorporated association and the American Federation of Labor," which is referred to in the memorandum of decision by the defendants and which is predicted by them as " bound to become intensified and embittered should the board approve of the application," is no concern of the defendants. It will be assumed by the court that rival labor organizations will be able to work out their own differences without interference of public agencies. The court is bound to give such freedom as may be possible, within the scope of the statutory limitations, to employees who organize for their own benefit and protection in such manner or in such groups as they may choose to organize.

The determination of the defendants denying approval to the certificate is annulled and the defendants are directed to approve the proposed certificate.

The petitioners may submit a decision and final order in accordance with this memorandum. Papers filed.